# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4237 | **DATE** | 10/8/2003 |
| **CASE TITLE** | Gallegos vs. Rizza Chevrolet | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss is granted in part and denied in part. It is denied with respect to Count I. It is granted with respect to Count III. Count III is dismissed without prejudice. Plaintiff has until October 27, 2003 to file an amended complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 0 9 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TH✓ | courtroom deputy's initials | 2003 OCT -8 PM 3:14 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CANDIDO GALLEGOS,                )
                                 )
            Plaintiff,            )
                                 )    No. 03 C 4237
    v.                           )
                                 )
RIZZA CHEVROLET, INC.,           )
                                 )
            Defendant.            )
                                 )

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Judge:

Plaintiff Candido Gallegos sued Defendant Rizza Chevrolet ("Rizza"), alleging discrimination in violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, the Civil Rights Act, 42 U.S.C. § 1981, and the Illinois Consumer Fraud Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.* (R. 1-1, Compl. ¶¶ 21, 25, 28.) Rizza has moved to dismiss Counts I and III of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Rizza's motion to dismiss is denied as to Count I and granted without prejudice as to Count III.

**LEGAL STANDARD**

A Rule 12(b)(6) motion tests the sufficiency of a complaint; it is not designed to resolve the case on the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When determining whether to grant this type of motion, a court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483 (7th Cir. 1997). A court should dismiss a complaint only if "it

appears beyond a doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## BACKGROUND

Gallegos, a Hispanic male who speaks limited English, alleges that Rizza intentionally deceived Gallegos into signing a lease agreement for a vehicle instead of a retail installment contract. (R. 1-1, Compl. ¶¶ 15.) Gallegos alleges that he went to Rizza's Bridgeport dealership in April 2002 intending to purchase a vehicle, and that he negotiated the purchase with a Spanish-speaking Rizza employee who allegedly referred Gallegos to a Rizza finance person to arrange the transaction. (*Id.* at ¶ 6-8.) The Rizza finance person allegedly failed to conduct the financial transaction in Spanish or provide documents in Spanish, and allegedly told Gallegos that he was purchasing rather than leasing the vehicle. (*Id.* at ¶ 11.) After learning of Gallegos's dissatisfaction with the lease agreement, Rizza allegedly did not offer to restructure the lease transaction as a purchase. (*Id.* at ¶¶ 18-19.) Gallegos alleges that he has been harmed by the transaction because he is making lease payments rather than making purchase payments and gaining equity in the vehicle. (*Id.* at ¶ 17.) Gallegos alleges that Rizza discriminated against him on the basis of his race and national origin. (*Id.* at ¶ 21.)

## ANALYSIS

### I.    Count I: Equal Credit Opportunity Act

The ECOA provides that "[i]t shall be unlawful for any creditor to discriminate against any applicant with respect to any aspect of a credit transaction 1) on the basis of race, color, religion, national origin, sex or marital status, or age . . . ." 15 U.S.C. § 1691(a). To state a claim under the ECOA, a plaintiff must plead sufficient facts to show that he qualifies as an

2

"applicant," that the defendant qualifies as a "creditor," that the alleged occurrences constitute a "credit transaction," and that the defendant's conduct was discriminatory. *See Johnson v. Equicredit Corp.*, No. 01 C 5197, 2002 WL 448991, at *4 (N.D. Ill. Mar. 22, 2002); *Sharp v. Chartwell Fin. Servs. Ltd.*, No. 99 C 3828, 2000 WL 283095, at *3-4 (N.D. Ill. Mar. 6, 2000). The Federal Rules of Civil Procedure do not require a plaintiff to include in the complaint allegations sufficient to prevail at trial. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). "All that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.2d 437, 439 (7th Cir. 2002). Gallegos has adequately stated a claim under the ECOA.

The ECOA defines "applicant" as "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691a(b). Regulation B, a regulation promulgated by the Federal Reserve Board pursuant to the ECOA, further defines "applicant" as "any person who requests or who has received an extension of credit from a creditor, and includes any person who is or may become contractually liable regarding an extension of credit." 12 C.F.R. § 202.2(e). Drawing all reasonable inferences in favor of Gallegos, Gallegos's allegation that a Rizza employee referred him to Rizza's finance person in order to complete the financing for his purchase of a vehicle sufficiently alleges that he qualifies as an "applicant." (R. 1-1, Compl. ¶¶ 8-9.)

The ECOA defines "creditor" as "any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue

3

credit." 15 U.S.C. § 1691a(e). Regulation B further defines "creditor" as "a person who, in the ordinary course of business, regularly participates in a credit decision, including setting the terms of credit. . . . [t]he term creditor also includes a person who, in the ordinary course of business, regularly refers applicants or prospective applicants to creditors . . . ." 12 C.F.R. § 202.2(l). Auto dealers may qualify as creditors. *See Burns v. Elmhurst Auto Mall, Inc.*, No. 00 C 5732, 2001 WL 521840, at * 2 (N.D. Ill. May 16, 2001) (auto dealer was a creditor under the ECOA because it regularly referred applicants to creditors and selected creditors to whom such applications would be made.). Gallegos's allegation that he negotiated the purchase of a vehicle with Rizza and that a Rizza employee referred him to a Rizza finance person to complete the transaction is sufficient to allege that Rizza qualifies as a "creditor." (R. 1-1, Compl. ¶¶ 8.)

Gallegos alleged facts sufficient to show that the occurrences at issue qualify as "credit transactions." Regulation B defines "credit transaction" as "every aspect of an applicant's dealings with a creditor regarding an application for credit or an existing extension of credit (including, but not limited to, information requirements; investigation procedures; standards of creditworthiness; terms of credit; furnishing of credit information; revocation, alteration, or termination of credit; and collection procedures)." 12 C.F.R. § 202.2(m). An automobile lease, as a consumer lease transaction, may constitute a credit transaction. *See Ferguson v. Park City Mobile Homes*, No. 89 C 1909, 1989 WL 111916, at *3 (N.D. Ill. Sept. 18, 1989). Gallegos's allegation that he entered into an automobile lease with Rizza satisfies the "credit transaction" element. (R. 1-1, Compl. ¶¶ 10-12.)

Finally, Gallegos sufficiently alleges discrimination on the basis of race and national origin. Gallegos alleges that Rizza discriminated against him on the basis of his race by

4

intentionally misleading him into leasing the vehicle by taking advantage of his limited English abilities, and failing to supply him with documents written in Spanish. (R. 1-1, Compl. ¶¶ 7-10, 14-15.)

Under the notice pleading standard of the Federal Rules of Civil Procedure, Gallegos's allegations sufficiently put Rizza on notice of his ECOA claim. Rizza's motion to dismiss is DENIED as to Count I.

## II. Count III: Illinois Consumer Fraud Act

Section 10(a) of the ICFA requires a plaintiff seeking relief against a car dealer to, at least thirty days prior to the filing of an action, "serve a written notice of the nature of the alleged violation and demand for relief upon the prospective party . . . against whom such action will be commenced. . . . The party who is seeking relief must certify in any cause of action that the notice and demand was served upon the named defendants and the substance of their response, if any." 815 ILCS 505/10a(h); *McNair v. McGrath Lexus*, 11 F. Supp. 2d 990, 992 (N.D. Ill. 1998).[1] Gallegos failed to certify notice in his complaint. Accordingly, Count III is dismissed without prejudice. Gallegos may file an amended complaint to include certification of notice as required by the statute by October 27, 2003.

---

[1] An Illinois Appellate Court found the pre-suit notice requirement unconstitutional. *Allen v. Woodfield Chevrolet, Inc.*, 773 N.E.2d 1145, 1155 (Ill. App. Ct. 2002). The Illinois Supreme Court is currently considering the constitutionality of Section 10a(h). *See Allen v. Woodfield Chevrolet, Inc.*, 787 N.E.2d 154 (2002) (Table). Until the Illinois Supreme Court rules, this Court will apply the requirements of that section.

## CONCLUSION

Rizza's motion to dismiss for failure to state a claim for which relief could be granted is denied as to Count I and granted without prejudice as to Count III.

Dated: October 8, 2003                    ENTERED

*[signature]*
AMY J. ST. EVE
United States District Court Judge